See also, 335 F.3d 889.

Christine L. MILLER, Plaintiff,

and

Tonnie SAVAGE, as Guardian ad Litem for Earl Doe, a minor child, Plaintiff–Appellant,

v.

Nancy Gammie; Fran Zito, Defendants–Appellees,

and

Nevada Child & Family Services Department; Nevada Child Welfare Division; State of Nevada; Volunteers of America of Nevada, Defendants.

No. 05–17278.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 2008.

Filed Feb. 22, 2008.

Thomas R. Brennan, Esq., Durney & Brennan, Reno, NV, for Plaintiff.

Monique A. Laxalt, Esq., Calvin R.X. Dunlap, Reno, NV, for Plaintiff–Appellant.

Cynthia A. Pyzel, Esq., Andrea Nichols, Office of the Nevada Attorney General, Charles Hilsabeck, Esq., Reno, NV, for Defendants–Appellees.

Stephen D. Quinn, Esq., Office of Attorney General, Carson City, NV, Ellen J. Winograd, Esq., Bruce R. Laxalt, Laxalt & Normura, Ltd., Reno, NV, for Defendants.

Before: W. FLETCHER, BEA, and IKUTA, Circuit Judges.

## MEMORANDUM *

Earl Doe [1] ("Earl") appeals from the district court's grant of summary judgment against him in his case against two employees of the Nevada Department of Human Services.

After a tumultuous home environment replete with sexual abuse, violence, and alcohol and drug abuse, a court placed Earl and his two siblings in the care of the Nevada Division of Child and Family Services (DCFS) in January 1997. The two remaining defendants in this case, Nancy Gammie and Fran Zito, were assigned to work with the Doe family. Gammie was the Doe family's social worker and Zito provided counseling services. In December 1997, Gammie placed Earl with the Roes, first-time foster parents with two children of their own. Earl was thirteen years old at the time. Later that month at a counseling session with Zito, Earl admitted for the first time that he had been sexually molested and that he himself had also sexually molested other children, including his younger sister and a young female cousin. Earl's foster mother was present at this session. Less than two months later, Earl's nine-year-old foster brother reported that Earl had anally penetrated him. Earl admitted to lewdness with a child under fourteen, and he spent

the remainder of his youth in correctional and institutional facilities operated by the state of Nevada.

Earl brought suit under 42 U.S.C. § 1983 against DCFS, a DCFS contractor, and Gammie and Zito in both their official and individual capacities. The claims against all defendants except Gammie and Zito in their individual capacities have been dismissed or otherwise resolved. *See Miller v. Gammie,* 335 F.3d 889, 894 (9th Cir.2003).

After discovery, the district court denied Earl's motions for partial summary judgment as to damages and § 1983 liability and granted defendant's motion for summary judgment. Earl has appealed all three decisions.

We apply a de novo standard of review, and we affirm the decision of the district court. To succeed on his § 1983 claim, Earl would have to establish both that Gammie and Zito violated his Constitutional rights and that they were not entitled to qualified immunity. *See Valdez v. Rosenbaum,* 302 F.3d 1039, 1043–44 (9th Cir. 2002); *Mabe v. San Bernardino County,* 237 F.3d 1101, 1106 (9th Cir.2001).

Earl has failed to state a cause of action for deprivation of a Constitutional right. He argues that his placement with the Roe family violated his right to reasonable safety and caused him emotional and physical damages. The right to safety within a foster care setting has traditionally been understood as the right of the foster child to adequate shelter and food and to be free of abuse at the hands of others. *See, e.g., Lipscomb v. Simmons,* 962 F.2d 1374, 1379

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The caption of this case refers to "Earl Doe, a minor child." Even though Earl has now reached the age of majority, we continue to refer to him as Earl Doe. Christine L. Miller, also listed as a plaintiff, represented the interests of Joe Roe (a pseudonym), the child whom Earl molested. The Miller portion of the litigation has since settled.

(9th Cir.1992); *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200–01, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). The mentally disabled are also entitled to reasonable protection from their own acts and to be treated in the least confining environment possible. *See Youngberg v. Romeo,* 457 U.S. 307, 324, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982); *Brooks v. Morrow,* 781 F.2d 367, 375–76 (4th Cir.1986).

Earl asks that these principles be combined and extended to his situation. He claims that Gammie and Zito violated his rights because they should have known that the Roe placement would tempt him to abuse his foster brother, resulting in his confinement to an institutional or correctional setting for the rest of his childhood. There is no evidence that Earl is mentally disabled, which could trigger the protections described in *Youngberg.* The other cases Earl cites are also inapposite to his situation: he was not mistreated by his foster parents or moved among foster homes unnecessarily, *see K.H. ex rel. Murphy v. Morgan,* 914 F.2d 846, 851 (7th Cir.1990), and he was not coerced into molesting his foster brother. *See Andrea L. v. Children and Youth Servs. of Lawrence,* 987 F.Supp. 418, 421–22 (W.D.Pa. 1997).

The duty of Gammie and Zito to protect Earl from harm does not extend as far as Earl contends in his suit. The district court was correct in granting summary judgment for Gammie and Zito and in denying summary judgment to Earl.

**AFFIRMED.**